IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ann Smith, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 2136 |
| LP Investments, Inc., a Minnesota limited liability company, and Mercantile Adjustment Bureau, LLC, a New York limited liability company, | ) ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ann Smith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) one Defendant resides here, and both Defendants transact business here.

**PARTIES**

3. Plaintiff, Ann Smith ("Smith"), is a citizen of the State of Wyoming, from whom Defendants attempted to collect a delinquent consumer debt owed for a Juniper Financial credit card. These collection actions took place despite the fact that she had

told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LP Investments, LLC ("LP"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LP operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LP was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant LP is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Mercantile collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LP was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant Mercantile is authorized to conduct business in Illinois and

maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Mercantile conducts business in Illinois.

8. Moreover, Defendant Mercantile is licensed as collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Smith is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Juniper Financial credit card. At some point in time after that debt became delinquent, Defendant LP bought Ms. Smith's Juniper Financial debt. When Defendant LP began trying to collect this debt from her, by having another debt collector, Central Portfolio Control ("CPC"), send her a collection letter, dated January 27, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on February 23, 2010, one of Ms. Smith's attorneys at LASPD informed Defendant LP, in writing, through its agent, CPC, that Ms. Smith was represented by counsel, and directed Defendant LP to cease contacting her, and to cease all further collection activities because Ms. Smith was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant LP then had Defendant Mercantile send Ms. Smith a collection letter, dated December 13, 2010, which demanded payment of the

Juniper Financial debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on February 15, 2011, Ms. Smith's attorneys at LASPD had to inform Defendants LP and Mercantile that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Smith's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Smith was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Smith was represented by counsel, and had demanded a cessation of communications with Ms. Smith. By directly sending Ms. Smith collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ann Smith, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Smith, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ann Smith, demands trial by jury.

    Ann Smith,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: March 29, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com